[No. E054523. Fourth Dist., Div. Two. Sept. 10, 2014.]

JENNIFER LOBO et al., Plaintiffs and Appellants, v.
TAMCO, Defendant and Respondent.

KILEY SAVANNAH LOBO, a Minor, etc., et al., Plaintiffs and Appellants,
v.
TAMCO, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION**\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, the opinion is certified for partial publication, with the exception of part 2 of the Legal Analysis, entitled "The Trial Court Properly Refused Plaintiffs' Requested Jury Instruction" (located *post,* at p. 447).

COUNSEL

Welebir Tierney & Weck and James F. Tierney III for Plaintiffs and Appellants Jennifer Lobo and Madison Lobo.

Robinson Calcagnie Robinson Shapiro Davis and William D. Shapiro for Plaintiffs and Appellants Kiley Savannah Lobo and Kadie Rose Lobo.

Mayer Brown, Donald M. Falk, Neil M. Soltman and Matthew H. Marmolejo for Defendant and Respondent.

Lewis Brisbois Bisgaard & Smith and Raul L. Martinez for the American Insurance Association and the Association of California Insurance Companies as Amici Curiae on behalf of Defendant and Respondent.

OPINION

**McKINSTER, Acting P. J.—**

### INTRODUCTION

In *Lobo v. Tamco* (2010) 182 Cal.App.4th 297 [105 Cal.Rptr.3d 718] (*Lobo I*), we reversed a summary judgment in favor of the defendant, Tamco, and remanded the matter for further proceedings in the trial court. Trial was held solely on the issue of Tamco's vicarious liability for the negligence of its

employee, Luis Del Rosario. The jury found in favor of Tamco. Plaintiffs,[1] the survivors of a deputy sheriff killed in a vehicular collision with Del Rosario's car as he left Tamco's premises (see *Lobo I*, at p. 299), contend that based on the legal principles we enunciated in *Lobo I*, the evidence adduced at trial compels a finding that Del Rosario was acting within the scope of his employment when the accident occurred. They also argue that the trial court erred in refusing a requested jury instruction.

We conclude that substantial evidence supports the verdict and that the court properly rejected the requested instruction. Accordingly, we will affirm the judgment.

## BACKGROUND

Daniel Lobo, a San Bernardino County deputy sheriff, was killed on October 11, 2005, as the result of the allegedly negligent operation of a motor vehicle by defendant Luis Del Rosario, while acting in the course and scope of his employment by defendant Tamco. Del Rosario was leaving Tamco's premises. As he drove his car out of the driveway and onto Arrow Highway, he failed to notice three motorcycle deputies approaching with lights and sirens activated. Deputy Lobo was unable to avoid colliding with Del Rosario's car and suffered fatal injuries. (*Lobo I, supra*, 182 Cal.App.4th at p. 299.)

Deputy Lobo's widow, Jennifer Lobo, filed a wrongful death suit on behalf of herself and the Lobos' minor daughter, Madison. Kiley and Kadie Lobo, minor daughters of Deputy Lobo, filed a separate wrongful death action through their guardian ad litem. Both suits alleged that Del Rosario was acting within the course and scope of his employment by Tamco at the time of the accident. The cases were consolidated by the superior court. (*Lobo I, supra*, 182 Cal.App.4th at pp. 299–300.)

Tamco filed a motion for summary judgment or summary adjudication of issues, contending that the evidence established as a matter of law that Tamco was not vicariously liable for Deputy Lobo's death, in that Del Rosario was not acting within the course and scope of his employment, but was merely leaving work at the end of his workday, intending to go home, and was driving his personal vehicle. The trial court granted summary judgment and entered a judgment of dismissal as to defendant Tamco. (*Lobo I, supra*, 182 Cal.App.4th at p. 300.)

We reversed the judgment with respect to causes of action for negligence and negligent operation of a vehicle, holding that there was a triable issue of

---

[1] In general, we will refer to all four plaintiffs jointly as plaintiffs. Where it is necessary to distinguish between them, we will refer to them by name.

material fact as to whether Del Rosario was acting in the course and scope of his employment. (*Lobo I, supra*, 182 Cal.App.4th at pp. 302–303.)

On remand, a trial was held solely to determine whether Del Rosario was acting within the course and scope of his employment at the time of the accident. The jury returned a special verdict stating that Del Rosario was not acting within the course and scope of his employment at the time of the accident, and judgment was entered for Tamco. Plaintiffs jointly filed a motion for new trial and a motion for judgment notwithstanding the verdict. The court denied both motions, and both sets of plaintiffs appealed.

## LEGAL ANALYSIS

### 1.

### THE VERDICT IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The two sets of plaintiffs make essentially identical arguments, the essence of which is that there is "no" evidence which supports the verdict in favor of defendant, and that a verdict in their favor is required as a matter of law.[2] Accordingly, we review the record to determine whether there is any substantial evidence, contradicted or uncontradicted, to support the verdict. (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1053 [68 Cal.Rptr.2d 758, 946 P.2d 427], abrogated by statute on another point as noted in *DeBerard Properties, Ltd. v. Lim* (1999) 20 Cal.4th 659, 668–669 [85 Cal.Rptr.2d 292, 976 P.2d 843].) If there is substantial evidence which supports the disputed finding, the judgment will be upheld even though substantial evidence to the contrary also exists and the trier of fact might have reached a different conclusion had it believed other evidence. (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631 [85 Cal.Rptr.2d 386].) Substantial evidence is evidence that a reasonable person " 'might accept as adequate to support a conclusion' " (*Estate of Teed* (1952) 112 Cal.App.2d 638, 644 [247 P.2d 54]), or evidence

---

[2] Kiley and Kadie Lobo argue that the trial court should have granted their motion for judgment notwithstanding the verdict. Jennifer and Madison Lobo contend that the verdict is not supported by the evidence.

An order denying a motion for judgment notwithstanding the verdict must be upheld if there is any substantial evidence, contradicted or uncontradicted, to support the verdict. (*Dell'Oca v. Bank of New York Trust Co., N.A.* (2008) 159 Cal.App.4th 531, 554–555 [71 Cal.Rptr.3d 737].) A defense verdict must be upheld against the plaintiff's assertion that the verdict is not supported by sufficient evidence unless the evidence compels a finding in favor of the plaintiff as a matter of law. (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465–466 [126 Cal.Rptr.3d 301].) Although stated differently, these two standards of review come down to the same thing: If there is *any* substantial evidence which supports the verdict in favor of the defendant, the judgment must be upheld.

"that is reasonable, credible and of solid value." (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651 [51 Cal.Rptr.2d 907] (*Roddenberry*).)

In order to address plaintiffs' arguments in their proper context, we must first review our holding in *Lobo I, supra,* 182 Cal.App.4th 297. In reaching the conclusion that there was a triable issue of fact as to whether Del Rosario was acting in the course and scope of his employment at the time of the accident, we stated:

■ "Under the theory of respondeat superior, employers are vicariously liable for tortious acts committed by employees during the course and scope of their employment. [Citation.] However, under the 'going and coming' rule, employers are generally exempt from liability for tortious acts committed by employees while on their way to and from work because employees are said to be outside of the course and scope of employment during their daily commute. [Citation.]

" 'A well-known exception to the going-and-coming rule arises *where the use of the car gives some incidental benefit to the employer.* Thus, the key inquiry is whether there is an incidental benefit derived by the employer. [Citation.]' [Citation.] This exception to the going and coming rule, carved out by this court in *Huntsinger* [*v. Glass Containers Corp.* (1972) 22 Cal.App.3d 803, 807 [99 Cal.Rptr. 666]], has been referred to as the 'required-vehicle' exception. [Citation.] The exception can apply if the use of a personally owned vehicle is either an express or implied condition of employment [citation], or if the employee has agreed, expressly or implicitly, to make the vehicle available as an accommodation to the employer and the employer has 'reasonably come to rely upon its use and [to] expect the employee to make the vehicle available on a regular basis while still not requiring it as a condition of employment.' [Citation]." (*Lobo I, supra,* 182 Cal.App.4th at p. 301.)

The evidence in *Lobo I* included the following: Tamco manufactures steel rebar used in construction. Del Rosario, a metallurgist, had been employed by Tamco as its manager of quality control for 16 years. According to his written job description, one of his responsibilities was to " 'Answer all customer complaints and if necessary, visit customers [*sic*] facilities to gain information and/or maintain customer relations.' " (*Lobo I, supra,* 182 Cal.App.4th at pp. 301–302.) If a customer called with quality concerns, Del Rosario would accompany a sales engineer to the customer site so that he could answer any technical questions. The company did not provide a company car for that purpose. Although Del Rosario would most often ride to the site in the sales engineer's car, he did occasionally use his own car for that purpose if no sales engineer was available. When Del Rosario used his own car to visit a

customer site, he was reimbursed for mileage. Del Rosario had visited customer sites "very few" times during the 16 years he worked at Tamco. During those 16 years, he estimated, he had used his own car 10 times or fewer. During 2005, the year of the accident, he visited customer sites five times or less, but on some of those occasions, he drove his own car. (It was not completely clear whether Del Rosario meant to indicate that he drove his car multiple times in 2005, but that is an inference which could be drawn from his testimony.) Del Rosario acknowledged that Tamco received a benefit from the use of his car. (*Lobo I, supra*, 182 Cal.App.4th at pp. 301–302 & fn. 4.)

When Del Rosario left Tamco on the day of the accident, he was going home. However, if he had been asked to visit a customer site, he " 'would have gotten in [his] car and used [his] car to go to that facility,' " just like on any other day. (*Lobo I, supra*, 182 Cal.App.4th at p. 302.) He kept boots, a helmet and safety glasses in his car. (*Ibid.*)

James Crompton testified that as of July 2006, the date of his deposition, he had been Del Rosario's supervisor for roughly two years. During that period, he had approved Del Rosario's expenses for driving to a customer site two or three times. Both Del Rosario and Crompton testified that Del Rosario's physical presence was essential when customers had quality complaints because he was the sole employee with the expertise to determine whether products were defective. Crompton testified that Del Rosario is required to use his personal car to discharge that duty. He stated that Tamco does not provide Del Rosario with a company car in part because of the infrequency of customer complaints. It also does not provide company cars " 'at that level.' " Crompton stated that having Del Rosario present to speak to the customer's technical experts facilitates communications when problems arise. (*Lobo I, supra*, 182 Cal.App.4th at p. 302.)

Those facts, we held, rationally support the inference that Tamco received a benefit from the availability of Del Rosario's car whenever the need arose for him to visit a customer, even if he actually used his own car only rarely. We held that infrequency of actual use of an employee's vehicle for the benefit of the employer "should not, in and of itself, defeat the plaintiff's case." (*Lobo I, supra*, 182 Cal.App.4th at p. 303.)

We did not hold, as plaintiffs imply, that on the facts then before us, Tamco was liable as a matter of law. In any event, the evidence adduced at the trial was somewhat different from the evidence which was before us in *Lobo I*. In particular, Crompton retracted his deposition testimony.

Crompton testified that he had realized, when he reviewed his deposition in preparation for the trial, that his deposition testimony was in error when he

said that Del Rosario was "required" to use his car if it was necessary, and that Tamco received a benefit from his doing so. He testified that Tamco did not rely on Del Rosario making his car available, and that Tamco did not receive any benefit if Del Rosario did use his own car to visit a customer's site. On the contrary, if Del Rosario drove separately from the sales engineer who also needed to respond to the customer's complaint, it doubled the cost to Tamco, because it would have to reimburse both Del Rosario and the sales engineer for their mileage. He said that on the few occasions that he had authorized Del Rosario to use his own car to visit a client, it was at Del Rosario's request and for his convenience—for example, when it made more sense for Del Rosario to drive directly to a customer's site from his home rather than driving to Tamco's offices and then to the site. Crompton testified that Tamco had never asked Del Rosario to use his own car. And, even if a sales engineer was not available to take Del Rosario to a customer site, Tamco could always have found a means of transporting Del Rosario without the use of Del Rosario's own car. In fact, the one time Del Rosario could recall that he was not allowed to use his car to visit a customer's site, it was because he needed a larger vehicle to transport a piece of steel. He was given the use of a company truck for that purpose.

In contrast, Del Rosario testified although it was not an express condition of his employment that he make his car available at all times in case he needed it to visit a customer's site, doing so when necessary was "part and parcel" of his job. He testified that although Tamco received very few customer complaints about the product it supplied, he had to be ready every day to respond to any customer complaints. He would use his own car to do so if no sales engineer was available to drive him to the customer's site. He testified that he could refuse to use his car, if, hypothetically, he chose to bicycle to work or his car was not in good working order. Nevertheless, if it was necessary to use his car, doing so was part and parcel of his job. And, he did drive to work every day and did make his car available every day in case he was called out to see a customer. He had used his car for that purpose at least once every year that he worked for Tamco.[3] He agreed that Tamco received a benefit from the availability of his car.[4] Further, he was on call outside of working hours to respond if Tamco needed him to do so. Accordingly, although he was leaving work to go home when the accident occurred, he was on call.

Del Rosario's and Crompton's testimony supports both the conclusion that the availability and occasional use of Del Rosario's car to attend to customer complaints did provide a benefit to Tamco and that it did not provide a benefit

---

[3] He also testified that in 16 years, he visited customer sites fewer than 10 times.

[4] He also testified that Tamco did not receive a benefit from the availability of his car because Tamco paid his expenses if he did use his car. Accordingly, he considered it a "wash."

to Tamco but rather provided a benefit only to Del Rosario. Resolving the conflicts between their testimony is the exclusive province of the jury: When two or more inferences reasonably can be drawn from the evidence, a reviewing court is without power to substitute its deductions for those of the trier of fact. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 874 [197 Cal.Rptr. 925].)

■ Crompton's testimony is also substantial evidence that Tamco did not rely on the availability of Del Rosario's car. According to Crompton, Tamco never asked Del Rosario to use his own car but on the contrary merely sometimes acquiesced in Del Rosario's desire to do so as an accommodation to Del Rosario. He testified that Tamco could always have found another means to get him to a customer's site if Del Rosario for some reason could not ride with the sales engineer. Del Rosario's testimony that Tamco on one occasion had him use a company truck when he needed it to transport a large piece of steel illustrates Crompton's point and is further evidence that Tamco did not rely on Del Rosario to make his car available.

It is not the case, as Kiley and Kadie Lobo assert, that the discrepancies between Crompton's deposition testimony and his trial testimony render his testimony not substantial evidence on which we may rely to uphold the judgment. A declaration or testimony of a party may be deemed not substantial evidence sufficient to create a triable issue of fact in opposition to a motion for summary judgment or to oppose a motion for nonsuit if it contains an unexplained contradiction of an admission rendered by the party in discovery. (See *Roddenberry, supra,* 44 Cal.App.4th at pp. 652–653, discussing, inter alia, *Mikialian v. City of Los Angeles* (1978) 79 Cal.App.3d 150 [144 Cal.Rptr. 794], which is the case the plaintiffs rely upon.) At trial, however, contradictions between a witness's testimony and his or her prior statements, under oath or otherwise, affect only the witness's credibility, and it is exclusively the function of the jury to determine which, if any, of a witness's assertions are credible. (*People v. Holman* (1945) 72 Cal.App.2d 75, 89–90 [164 P.2d 297].) We may not substitute our view of a witness's credibility for that of the jury. (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968 [108 Cal.Rptr.2d 34].)

■ Moreover, our decision in *Lobo I* did not preclude the possibility that a jury might conclude that although the availability of Del Rosario's car conferred some benefit on Tamco, it did not confer a *sufficient* benefit that Tamco should be vicariously liable for Del Rosario's negligence, or, stated another way, that the benefit Tamco derived was too incidental to warrant application of the doctrine of vicarious liability. The modern view of the basis for respondeat superior is that an employer is responsible for injuries resulting from " 'risks that may fairly be regarded as typical of or broadly

incidental to the enterprise [the employer] has undertaken.' " (*Hinman v. Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 960 [88 Cal.Rptr. 188, 471 P.2d 988] (*Hinman*).) Accordingly, although we held that infrequency of the use of the vehicle "should not, *in and of itself*, defeat the plaintiff's case" (*Lobo I, supra*, 182 Cal.App.4th at p. 303, italics added), the trier of fact remains free to determine in a particular case that the employee's use of his or her vehicle was too infrequent to confer a sufficient benefit to the employer so as to make it reasonable to require the employer to bear the cost of the employee's negligence in operating the vehicle. This is particularly true in the absence of an express requirement that the employee make his or her vehicle available for the employer's benefit or evidence that the employer actually relied on the availability of the employee's car to further the employer's purposes. Again, the evidence in this case rationally supports either conclusion. Accordingly, plaintiffs' contention fails.

### 2.

### THE TRIAL COURT PROPERLY REFUSED PLAINTIFFS' REQUESTED JURY INSTRUCTION*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed. Defendant Tamco is awarded costs on appeal.

Miller, J., and Codrington, J., concurred.

---

*See footnote, *ante*, page 438.